789 A.2d 645

IN THE MATTER OF SHARON HALL, AN ATTORNEY AT LAW.

February 5, 2002.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 00–229, concluding that **SHARON HALL** of **SOUTH ORANGE**, who was admitted to the bar of this State in 1995, and who has been suspended from the practice of law since June 23, 1999, pursuant to Orders of this Court, should be suspended from practice for a further period of two years for violating *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to keep client reasonably informed), *RPC* 1.4(b) (failure to explain matter to client), *RPC* 3.1 (frivolous claims), *RPC* 3.2 (failing to expedite litigation), *RPC* 3.4(a) (obstructing access to evidence), *RPC* 3.4(c) (engaging in conduct intended to disrupt tribunal), *RPC* 3.4(e) (alluding to irrelevant matters in trial), *RPC* 8.4(c) (dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having concluded that prior to reinstatement to practice respondent should be required to submit proof of her fitness to practice law and that on reinstatement, respondent should be required to complete the Skills and Methods courses offered by the Institute for Continuing Legal Education and to practice law under the supervision of a practicing attorney for a period of three years;

And **SHARON HALL** having failed to appear on the return date of the Order issued by the Court in this matter pursuant to *Rule* 1:20–16(b) directing respondent to show cause why she should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **SHARON HALL** is suspended from the practice of law for a period of three years, and until the further Order of the Court, effective immediately, and it is further

ORDERED that prior to reinstatement to practice respondent shall submit proof of her fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent shall successfully complete the Skills and Methods courses offered by the Institute for Continuing Legal Education within six months after her reinstatement to practice and shall submit proof thereof to the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of three years and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and that respondent continue to comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.